# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE                )
                                 )
            v.                   )       I.D. No. 0503015173
                                 )
KEVIN ROY,                       )
                                 )
        Defendant.               )

Submitted: May, 12, 2025
Decided:  May 14, 2025

*Upon Defendant Kevin Roy's Motion for Correction of Illegally Imposed Sentence,*
**DENIED.**

*Upon Defendant Kevin Roy's Motion to Appoint Counsel*
**DENIED.**

## <u>ORDER</u>

Andrew J. Vella, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

Kevin Roy, *pro se*, Smyrna, DE.

**WHARTON, J.**

This 14th day of May, 2025, upon consideration of Defendant Kevin Roy's Motion for Correction of Illegally Imposed Sentence,[1] Motion to Appoint Counsel,[2] and the record in this matter, it appears to the Court that:

1. Defendant Kevin Roy ("Roy") was indicted by the Grand Jury on the charges of Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") (two counts), Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Attempted Delivery of Cocaine and Conspiracy Second Degree.[3] On February 6, 2006, Roy pled guilty to Manslaughter and one count of PFDCF.[4] He was sentenced to a total of 35 years of incarceration suspended after 30 years, followed by decreasing levels of supervision.[5] Roy's 2008 appeal from the Court's 2006 sentencing order was dismissed as untimely.[6]

2. Roy filed two prior Motions for Postconviction Relief ("PCR"), both of which were denied. His first, filed on April 29, 2008, raised issues related to transferring his case to the Family Court via a reverse amenability hearing.[7] It was denied on January 22, 2009.[8] The denial was affirmed on appeal on July 15, 2009.[9]

---

[1] D.I. 122
[2] D.I. 123.
[3] D.I. 2.
[4] D.I. 28.
[5] D.I. 29.
[6] *Roy v. State,* 2008 WL 802282 (Del. 2008).
[7] D.I. 37.
[8] D.I. 46.
[9] *Roy v. State,* 2009 WL 2045205 (Del. 2009).

Roy's second PCR motion was filed on May 2, 2013.[10] That PCR motion raised five grounds for relief: 1) counsel misled Roy into accepting a plea deal; 2) counsel failed to inform Roy of the lesser included offenses of first degree murder; 3) counsel's misapplication of the law caused Roy to accept the State's plea offer; 4) counsel's representation was deficient during the reverse amenability hearing; and 5) counsel failed to inform Roy of the status of his suppression motion during the plea negotiation process.[11] The Court denied this second PCR motion as both time barred and procedurally defaulted because Roy did not raise his claims previously.[12] Again, Roy appealed and again his appeal was dismissed as untimely.[13] Roy has also filed several sentence modification motions, all of which were denied.

3.      Roy now moves for correction of an illegally imposed sentence. In this motion, he claims his manslaughter sentence of 25 years at level V, suspended after 20 years and his minimum mandatory sentence of 10 years on the PFDCF charge were illegally enhanced in violation of *Erlinger v. United States*[14] and its predecessors.[15] He contends that "fitting squarely within *Erlinger,*" he should be resentenced to five years on each charge.[16] Although Roy does not cite to SENTAC guidelines, his requested sentence is the SENTAC maximum guideline for each charge. Roy then

---

[10] D.I. 59.
[11] D.I. 61, 67 (Defendant-Petitioner's Amended Motion for Postconviction Relief).
[12] D.I. 77.
[13] *Roy v. State,* 2014 WL 2957264 (Del. 2014).
[14] 602 U.S. 821 (2024).
[15] D.I. 122.
[16] *Id.* at 10.

calculates "based upon prior history review" he should be subjected to "1 prior violent = 10 years on manslaughter" and "where PFDCF is a secondary offense not subjected to enhancement = 2 years," resulting in a sentence of 12 years.

4.      Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[17]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[18]  The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[19]  If the Court were to consider Roy's motion as one to correct an sentence imposed in an illegal manner, as the caption of the motion infers, it would deny it as untimely.  The Court suspects Roy intends the motion to be one to correct an illegal sentence.

5.      Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  Nor, need the Court consider whether *Erlinger* may be retroactively applied to this case.  The Court need only consult the Sentence

---

[17] Super. Ct. Crim. R. 35(a).
[18] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[19] Super. Ct. Crim. R. 35(a) and (b).

Order to determine Roy is not entitled to relief under either interpretation of the motion.

6. *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[20] In Roy's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. It simply sentenced him within the statutory range, albeit outside of the sentencing guidelines. But, Delaware Supreme Court case law firmly supports the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[21] Roy was sentenced within the statutorily authorized range. Thus, *Erlinger* and similar cases are not implicated.

7. The Court finds no basis to appoint counsel for Roy.

**THEREFORE**, Defendant Kevin Roy's Motion to Correct Illegal Sentence is **DENIED.** His Motion to Appoint Counsel also is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[20] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113)
[21] *See, Siple v. State,* 701 A.2d, 79